UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

ATKINSON & DEBARTOLO, P.C
The Galleria, 2 Bridge Avenue, P.O. Box 8415
Red Bank, New Jersey 07701
BA 9186
Attorney for: Trustee Bunce D. Atkinson

Order Filed on January 8, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

IN RE:

PH CONSTRUCTION, L.L.C.,

    Debtor.

Case No. 16-22139
Adv. No. 17-01298/MBK

Hearing Date: 01/7/2019@10:00 a.m.

Judge: Honorable Michael B. Kaplan

## ORDER APPROVING SETTLEMENT OF CONTROVERSY

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: January 8, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | PH Construction, LLC |
| Case No.: | 16-22139/MBK |
| Adv. No.: | 17-01298/MBK |
| Caption of Order: | ORDER APPROVING SETTLEMENT OF CONTROVERSEY |

**THIS MATTER** having been opened to the Court by Atkinson & DeBartolo, P.C., attorneys for Bunce D. Atkinson, the Trustee of the Debtor Estate of PH Construction, L.L.C., Bunce D. Atkinson, Esq. appearing on a Notice of Motion to Approve a Settlement of Controversy, and notice having been provided to Ansell, Grimm & Aaron, P.C., attorneys for the Defendants, Hans Kretschman, Paulette Massaro, PH Properties, PH Distinctive Properties, LLC, PHJ, LLC, PHJC, LLC and Plexicraft, Inc., James G. Aaron, Esq., appearing, the Office of the United States Trustee, Capehart & Scatchard, P.A., attorneys for Glenn and Jeanne Paulsen, creditors, Philip C. Gutworth, P.A., attorneys for Louis & Sons Drywall, Inc., creditor, and to all creditors who filed proofs of claim, and the Court having considered the pleadings filed herein, heard the argument of counsel, if any, for reasons set forth on the record, and for good cause shown,

It is **ORDERED** as follows:

1. The settlement of the Adversary Proceeding, <u>Bunce D. Atkinson, Trustee for the Debtor Estate of PH Construction, LLC v. Hans Kretschman, Paulette Massaro, PH Properties, a fictitious company, PH Distinctive Properties, LLC, PHJ, LLC, PHJC, LLC and Plexicraft, Inc.</u>, Adversary No. 17-01298/MBK, as set forth in the Settlement Agreement attached hereto as **Exhibit A**, be and is hereby approved.

2. The terms of the settlement as set forth in the Settlement Agreement, are incorporated herein by reference.

**EXHIBIT A**

# SETTLEMENT AGREEMENT

This Settlement Agreement, hereinafter ("the Agreement") is entered into this 4TH day of December 2018, between Bunce D. Atkinson, Trustee for the Debtor Estate of PH Construction, LLC, hereinafter (the "Trustee") and Hans Kretschman ("Kretschman"), Paulette Massaro ("Massaro"), PH Properties, a fictitious company, ("PHP"), PH Distinctive Properties, LLC (Distinctive"), PHJ, LLC ("PHJ"), PHJC, LLC ("PHJC") and Plexicraft, Inc. ("Plexicraft"), sometimes collectively referred to as the Defendants.

# RECITALS

**WHEREAS**, PH Construction, LLC, hereinafter ("the Debtor") filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code on June 23, 2016; and

**WHEREAS**, the Trustee was appointed as the Chapter 7 Trustee on June 24, 2016; and

**WHEREAS**, the First Meeting of Creditors commenced on August 26, 2016 and was continued to and completed on December 12, 2016; and

**WHEREAS**, Kretschman is a 99% Member and Managing Member of the Debtor, and Massaro is a 1% Member of the Debtor and the wife of Kretschman; and

**WHEREAS**, Kretschman and Massaro are each 50% Members of Distinctive; and

**WHEREAS**, Kretschman and Massaro are each 50% Members of PHJC, which is the owner of an Assignment of Lease of real property located at 6 Ocean Ave., Ocean Grove, N.J.; and

**WHEREAS**, Kretschman and Massaro are each 50% owners of PHJ, which is an owner of an Assignment of Lease of real property located at 8 Ocean Ave., Ocean Grove, N.J.; and

1

**WHEREAS**, Kretschman is the 100% Shareholder of Plexicraft, a Sub-S Corporation with a principal place of business at 200 Lexington Ave., New York City, N.Y.; and

**WHEREAS**, the Debtor provided to the Trustee, business records of the Debtor, including but not limited to the Debtor's 2014 and 2015 Federal Income Tax Returns, its bank statements and cancelled checks from the account maintained at the Valley National Bank, and an accounts payable aging summary as of June 17, 2016; and

**WHEREAS**, following completion of the First Meeting of Creditors and a review of business records of the Debtor, the Trustee filed an Adversary Complaint, Case No. 17-01298 on April 28, 2017, against the Defendants seeking inter alia to avoid and recover distributions totaling $401,105.05 made to Kretschman and Massaro during the two (2) years preceding the filing of the petition, pursuant to 11 U.S.C. 548 and N.J.S.A. 25:2-20, et seq. made applicable to the bankruptcy proceeding by 11 U.S.C. 544; and

**WHEREAS**, in the Adversary Proceeding, the Trustee sought to avoid and recover from Kretschman and Massaro, $195,691.38 as preferential payments avoidable pursuant to 11 U.S.C. 547; and

**WHEREAS**, in the Adversary Proceeding the Trustee sought a determination that Kretschman and Massaro breached their fiduciary duties to the Debtor; and

**WHEREAS**, in the Adversary Proceeding the Trustee sought to recover from Distinctive $188,989.95, representing that the amount due and owing from Distinctive to the Debtor; and

**WHEREAS**, in the Adversary Proceeding the Trustee sought to impose a Constructive Trust on Kretschman's 100% interest in Plexicraft, asserting that Kretschman had utilized a portion of the avoidable distributions made to him to purchase his interest in Plexicraft; and

**WHEREAS**, in the Adversary Proceeding the Trustee sought to impose a Constructive Trust on Kretschman's and Massaro's membership interest in PHJ, based upon the use of avoidable distributions to Kretschman for the payment of expenses of PHJ; and

**WHEREAS**, in the Adversary Proceeding the Trustee sought to impose a Constructive Trust on the membership interest of Kretschman and Massaro in PHJC, based upon the use of avoidable distributions to Kretschman and/or Massaro which were used by PHJC or to pay expenses of PHJC; and

**WHEREAS**, the Defendants filed an Answer disputing all of the causes of action of the Trustee in the Adversary Proceeding; and

**WHEREAS**, following the filing of the Adversary Proceeding, the Trustee filed Notices of Lis Pendens in the Office of the Monmouth County Clerk on the property located at 6 Ocean Ave., Ocean Grove, N.J., Block 107, Lot 12 on the Tax Map of Neptune Township, Monmouth County, New Jersey, and on the property located at 8 Ocean Ave., Ocean Grove, N.J., Block 114, Lot 12 on the Tax Map of Neptune Township, Monmouth County, New Jersey; and

**WHEREAS**, the Trustee and the Defendants have agreed to settle, compromise and resolve the Adversary Complaint and other issues between them under the terms set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereto agree as follows:

# AGREEMENT

1. <u>Recitals Incorporated.</u>    The foregoing Recital paragraphs are incorporated herein by reference and agreed upon by the parties as if set forth herein at length.

2. <u>Settlement Terms and Conditions</u>:

A. The Defendants, jointly and severally, shall pay to the Trustee the sum of $142,500.00 on the dates as set forth herein. All check shall be made payable to Bunce D. Atkinson, Trustee for the Debtor Estate of PH Construction, LLC.

B. Within five (5) business days of approval of the Settlement Agreement by the United States Bankruptcy Court, the Defendants shall pay to the Trustee, the sum of $15,000.00.

C. The Defendants shall pay to the Trustee the sum of $20,000.00 on or before July 1, 2019.

D. The Defendants shall pay to the Trustee the sum of $7,500.00 on or before September 30, 2019.

E. The Defendants shall make a payment of $100,000.00 on or before December 31, 2019.

F. In the event the Defendants fail to make any payment to the Trustee on or before its due date, and payment is not made within 15 days of the due date, the Defendants shall be in default. If the default is not cured within 15 days thereafter, Judgment shall be entered against all of the Defendants, jointly and severally, for the sum of $200,000.00, less any payments made to the Trustee prior to the default. Judgment shall be entered upon the Trustee filing a Certification of Default with the United States Bankruptcy Court. The Defendants agree that the Certification of Default and the Default Judgment may, in the Trustee's sole discretion, be entered upon the docket of the main case PH Constructions, LLC, Case No. 16-22139/MBK or the Trustee may re-open the Adversary Proceeding, Case No. 17-01298/MBK for the purposes of entering the Judgment in the Adversary Proceeding. All defenses to the entry of Judgment are waived and no defense to the entry

4

of Judgement shall be made except that defense that payment has already been made in accordance with the terms of this Agreement.

    G.    The $142,500.00 to be paid to the Debtor Estate, jointly and severally by the Defendants, shall be secured by a mortgage on the property located at 8 Ocean Ave., Ocean Grove, N.J., also known as Block 114, Lot 12 on the Tax Map of Neptune Township, Monmouth County, New Jersey. PHJ shall deliver a fully executed mortgage within five (5) business days of Bankruptcy Court approval of this Agreement. Notwithstanding the payment schedule in Article 2, the mortgage shall provide that the settlement balance is due upon sale of the property. The mortgage shall also provide that in the event of a default in payment, the mortgage balance shall increase to the amount of any judgment that the Trustee is entitled to receive as a result of the default in payment.

    H.    Within five (5) business days of the Bankruptcy Court approval of this Agreement, as further security, PHJC shall deliver to the Trustee to hold in escrow, a mortgage encumbering the property located at 6 Ocean Ave., Ocean Grove, N.J., also known as Block 107, Lot 12 on the Tax Map of Neptune Township, Monmouth County, New Jersey. The mortgage shall be in the sum of $142,500.00 and contain a provision that it shall increase to the judgment amount that the Trustee is entitled to obtain in the event of a default. The mortgage encumbering 6 Ocean Ave., Ocean Grove, N.J. shall be held in escrow by the Trustee. In the event of a default in payment pursuant to the terms of this Agreement, which default is not cured during the cure period provided, the Trustee is authorized to record the mortgage in the Office of the Monmouth County Clerk.

    I.    The delivery of the mortgages in Paragraphs G and H are a material part of the Settlement. In the event the executed mortgages are not delivered, the Defendants shall be in default and the Trustee shall be entitled to the $200,000.00 Judgement.

J. The Lis Pendens filed on the property located at 6 Ocean Ave., Ocean Grove, N.J. which the Trustee caused to be recorded in the Office of the Monmouth County Clerk, shall remain of record until such time as all payments have been made by the Defendants pursuant to this Agreement.

K. Upon payment in full of the amounts due and owing pursuant to this Agreement, the Trustee shall return to the Defendants the mortgage held in escrow and shall cause to be cancelled of record, the mortgage on the property located at 8 Ocean Ave., Ocean Grove, N.J. and shall file Discharges of the Lis Pendens filed by the Trustee.

3. Mutual Release. In consideration of this Settlement Agreement except for the obligations of the Defendants pursuant to this Settlement Agreement, the Trustee releases in full and final satisfaction and discharges any and all actions, causes of actions, suits, debts, sums of money, and all claims and the causes of action whether known or unknown of any nature, which could have been asserted by the Trustee. The Release by the Trustee includes, but is not limited to, any and all claims asserted in the Adversary Proceeding, including but not limited to any and all Trustee avoidance and claims. The Defendants, jointly and severally, release the Trustee, Atkinson & DeBartolo, P.C., the attorneys for the Trustee, and Bunce D. Atkinson, Esq., individually, from any and all claims and any and all causes of action which any of them may have had against them, whether known or unknown of any type of nature which the Defendants can, shall or may have from the beginning of time to the date of this Settlement Agreement. The terms of the Mutual Releases will inure to the benefit of and bind each of the undersigned parties and their attorneys. The undersigned parties hereby represent and warrant that prior to signing this Settlement Agreement, they had the opportunity to consider its terms and discuss them with counsel. The undersigned parties further represent and warrant that they fully understand the meaning and effect of the Releases and have voluntarily executed this Settlement Agreement.

6

4.  <u>No Admission of Liability</u>.  The parties understand and agree that neither the making of this Settlement nor anything contained herein, shall be construed or considered in any way to be an admission of guilt, wrongdoing or non-compliance, with Federal, State of Local Law, Statute, Order or Regulation, Tortious Act, Breach of Contract, or Violation of Common Law or any other wrongdoing whatsoever.

5.  <u>Default</u>.  In the event of a default by any party to this Agreement, the defaulting party shall pay to the non-defaulting party, reasonable attorney's fees and costs for any successful action taken by the non-defaulting party.  The United States Bankruptcy Court shall determine the reasonable amount of attorney's fees and costs.

6.  <u>This Entire Agreement</u>.  This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supercedes any and all prior and/or verbal agreements between the parties.

7.  <u>Execution of Agreement</u>.  This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute one and the same Agreement.  Facsimile and/or scanned signatures shall be deemed to have the full force and effect of ink signatures.

8.  <u>Drafting of Agreement</u>.  This Agreement was drafted by all of the parties and therefore the proposition that ambiguities contained within an Agreement are to be construed against the drafter thereof is inapplicable.

9.  <u>Jurisdiction</u>.  The United States Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and condition of this Agreement, and any and all disputes, claims or actions based upon the Agreement.

The parties have executed this Agreement as of the date first above written.

| WITNESS: *[signature]* | BY: *[signature]* HANS KRETSCHMAN, Individually |
|---|---|
| WITNESS: *[signature]* | BY: *[signature]* PAULETTE MASSARO, Individually |
| WITNESS: *[signature]* | PH DISTINCTIVE PROPERTIES, LLC BY: *[signature]* HANS KRETSCHMAN, Managing Member |
| WITNESS: *[signature]* | PHJ, LLC BY: *[signature]* HANS KRETSCHMAN, Managing Member |
| WITNESS: *[signature]* | PHJC, LLC BY: *[signature]* HANS KRETSCHMAN, Managing Member |
| WITNESS: *[signature]* | PLEXICRAFT, INC. BY: *[signature]* HANS KRETSCHMAN, President and Sole Shareholder |
| WITNESS: *[signature: James K. Diebold]* | THE DEBTOR ESTATE OF PH CONSTRUCTION, LLC BY: *[signature]* BUNCE D. ATKINSON, TRUSTEE |

8